IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BOBBY RUTLEDGE,<br><br>　　　　　　　　　Petitioner<br><br>VS.<br><br>HUGH SMITH, W<small>ARDEN</small>,<br><br>　　　　　　　　　Respondent | NO.  5:07-CV-86 (CAR)<br><br><br>P<small>ROCEEDINGS</small> U<small>NDER</small> 28 U.S.C. §2254<br>B<small>EFORE THE</small> U.S. M<small>AGISTRATE</small> J<small>UDGE</small> |

# RECOMMENDATION

Before the court is a petition for a writ of habeas corpus filed by Bobby Rutledge. Tab #1, Tab #4, Tab #10, and Tab #15. The petitioner has sued Hugh Smith claiming twenty-three (23) grounds for relief. Respondent Smith has responded to the petitioner's claims. Tab #17 and Tab #32. After careful consideration, the undersigned recommends that this petition be **DENIED**.

### I. Procedural History

On May 6, 1997, a Houston County, Georgia grand jury returned a true bill of indictment against petitioner Rutledge on one count of armed robbery and one count of possession of firearm or knife during commission of a crime. The indictment alleged that the petitioner, by use of an offensive weapon, took United States currency from the person or immediate presence of April Kroger as custodian and/or the owners of a BP Station located in Warner Robins, Georgia. On May 30, 1997 the petitioner was arraigned and pled "not guilty" to the charges.

At a jury trial held July 22-24, 1997, petitioner Rutledge was found guilty of both counts. During the July 28, 1997, sentencing hearing, the petitioner's prior convictions were introduced, and the trial court sentenced him as a recidivist to life without parole for armed robbery and five years consecutive for possession of a firearm or knife during commission of a crime.

The petitioner filed a motion for new trial. At the hearing on this motion, he was represented by attorney Sonya Popken. During the hearing, the petitioner, his trial counsel Stephen Holloman, and attorney Terry Everett (who represented the petitioner in a pretrial motion hearing) testified. The trial court denied the motion.

On direct appeal, and through Ms. Popken, the petitioner enumerated the following eleven errors:

1. the trial court erred in denying the motion for directed verdict of acquittal based on insufficiency of the evidence;

2. the trial court erred in denying the motion for new trial based on ineffective assistance of trial counsel, due to the failure to call Sergeant Noll, Officer Edwards, Otis Guy, Captain Dennard, and ask one of these officers about another potential suspect; for failing to consult with Petitioner prior to jury selection; and asking the victim if the scar she had seen could have been hair or sideburns;

3. the trial court erred in admitting the photographic line-up into evidence;

4. the trial court erred in allowing the victim to make an in-court identification of Petitioner;

5. the trial court erred in admitting Petitioner's statement into evidence;

6. the trial court erred in denying the jury's request to have the testimony of a defense witness read back to them, while earlier allowing the jury to rehear a state witness's testimony;

7. the trial court erred in failing to remove a juror who had allegedly perjured himself during voir dire;

8. the trial court erred in sentencing Petitioner to life without parole by relying on Petitioner's prior 1975 guilty plea convictions for armed robbery and burglary, as one plea was allegedly not voluntary and Petitioner was not represented by counsel;

9. the trial court erred in allowing the state to introduce evidence that two witnesses were compelled to attend court and testify;

10. the trial court erred in letting the state impeach on an allegedly immaterial matter;

11. the trial court erred in not letting Petitioner present evidence about other robberies that were allegedly similar in time and place to the one in this case.

Upon review, the Georgia Court of Appeals found that errors 3, 4, and 9 were not preserved for appellate review and that the remaining claims lacked merit. The court then affirmed the convictions and sentences on March 15, 1999, and denied the petitioner's subsequent request for reconsideration on March 31, 1999. *Rutledge v. State*, 237 Ga. App. 390 (1999), cert. denied, No. S99C1094, 1999 Ga. LEXIS 718 (Ga. Sep. 10, 1999).

On June 20, 2000, petitioner Rutledge filed a pro se **state** habeas corpus petition in the Superior Court of Chattooga County. Therein, the petitioner initially raised the following issues:

1. his conviction was obtained by use of a coerced confession;

2. his conviction was obtained pursuant to an unlawful arrest because he was arrested in Bibb County without a warrant and a warrant was allegedly fabricated the following day, and no fourth amendment hearing was held;

3. the prosecutor failed to disclose evidence favorable to the defense: the victim's statement at the preliminary hearing, introduced at trial, that allegedly was not previously provided to the defense;

4. ineffective assistance of trial counsel for failing to call witnesses Petitioner asked him to call, failing to object to a harmful statement, and withdrawing a suppression motion made by the previous counsel. Id. at 21.

Petitioner then filed an "enumeration of errors" on June 20, 2000, adding the eleven issues from his direct appeal. He next filed an amendment on February 16, 2001, raising the following seven grounds:

1. ineffective assistance of trial counsel for having Petitioner testify at the sentencing hearing;

2. due process violation by admitting evidence at trial about Petitioner's past;

3. Petitioner was illegally arrested in another county without a warrant and illegally detained;

4. the indictment was changed during jury deliberations by masking what the clerk had read;

5. the prosecutor changed Petitioner's photo on the photo spread to a better picture to show Petitioner's features;

-3-

6. the jury's request to rehear evidence was denied;

7. vindictive prosecution by alleging tampering with unspecified evidence, "refused evidence that was favorable to the defendant's defense, perjury, trial transcript, have all the evidence, including coverups and threatening witnesses with arrest, and promising freedom for their testimony."

On February 27, 2001, the petitioner filed yet another pleading wherein he enumerated/alleged the following twenty-nine (29) additional grounds:

1. ineffective assistance of trial counsel for having Petitioner testify at sentencing;

2. due process violation by admitting evidence of Petitioner's past criminal history;

3. illegal arrest without a warrant, following by illegal detention;

4. what was read to the jury from the indictment was harmful, as the court later asked the clerk to mask the indictment;

5. discovery violation – the prosecutor changed the photo spread, the photo spread was tainted, in that it was shown to the grand jury to get an indictment and then shown to witnesses at trial, and witnesses perjured themselves by stating it was the same photo spread;

6. conviction upon evidence from an unconstitutional search and seizure in that no fourth amendment hearing was held on the merits

7. the jury's request to rehear evidence was denied;

8. vindictive prosecution;

9. demurrer – sustaining a special demurrer that strikes or adds to an indictment is the same as sustaining a general demurrer;

10. an indictment cannot be materially altered in Georgia

11. "opening statement, comments by state";

12. "authentication";

13. "defendant's mental condition, . . . competence to stand trial";

14. "change on form of verdict";

15. "notice to produce";

16. "motions regarding publicity supporting facts – newspaper articles";

17. "jury challenges (to the array)"; a traverse jury must constitute a fair cross section requirement of the community;

18. "impeachment of defendant's testimony with statement taken in violation of *Miranda v. Arizona*, 349 U.S. 436" (1966);

19. "charge of the court, requests to charge . . . court must inform counsel on its proposed action on the requests prior to closing arguments";

20. "conduct of the judge, expression of opinion by trial court";

21. jury's request to rehear testimony

22. "verdict, . . . form, substance";

23. "proof of prior crimes";

24. "invalid prior convictions";

25. "newly discovered evidence regarding sentence";

26. "jurisdiction of equity to relieve one convicted of a crime on prejudiced testimony where statute of limitations bars legal relief";

27. "equity, power to vacate criminal conviction after expiration of the trial term";

28. "writ of prohibition, could not be used to attack validity of criminal conviction;

29. "speed trial, time elapsed where defendant filed timely motion to be tried, and time has elapsed."

Following a hearing held on April 25, 2001, the **state** habeas corpus court denied relief on May 16, 2001. The court found that certain grounds had already been decided in the petitioner's direct appeal and that the others were procedurally defaulted, as they should have been raised at trial and on direct appeal. On January 14, 2003, the Georgia Supreme Court granted the petitioner's application for a certificate of probable cause to appeal and remanded the case for consideration of the petitioner's claims of appellate counsel ineffectiveness.

On April 21, 2004, and upon remand, the **state** habeas corpus court held another hearing. During this hearing, petitioner's appellate counsel testified, and the record from petitioner's trial and appeal were introduced. On May 25, 2004, the **state** habeas corpus court once again denied relief. The Georgia Supreme Court denied the petitioner's subsequent application for a certificate of probable cause to appeal on February 5, 2007.

On September 25, 2006, while the aforementioned application for a certificate of probable cause to appeal was pending, the petitioner filed a second **state** habeas corpus petition in the Superior Court of Tattnall County challenging his Houston County convictions. Therein, the petitioner raised the following grounds:

1. "Listed the 1975 conviction as the conviction under attack challenging Appellant's 1997 conviction as being constitutional illegal" in that the state did not admit the transcript of the 1975 plea hearing at the 1997 sentencing hearing;

2. prosecutorial misconduct and discovery violations in that the state led witnesses to testify falsely to evidence not in the record, allowed the jury to deliberate with evidence not presented at trial, "admitting defective indictment, offering arrest warrant not in discovery, withholding vital evidence for trial";

3. ineffective assistance of trial counsel in that counsel asked the judge to review the state's discovery file, Petitioner had "no indication" of what evidence the state would present at trial, and counsel did not object to the state's alleged admission of unspecified false evidence;

4. "defective indictment" in that no hearing was held on the demurrer filed by Petitioner's former counsel;

5. the trial court charged the jury on a theory different from what was alleged in the indictment regarding the use of a knife or gun in the commission of a crime.

Pursuant to a hearing held on January 24, 2007, this **state** habeas corpus court dismissed the petition as successive under O.C.G.A. § 9-14-51. Its order was filed on May 23, 2007. Petitioner Rutledge did not seek review of this decision in the Georgia Supreme Court. The time for making such a request has expired.

On March 1, 2007, the petitioner executed the instant **federal** habeas corpus petition. In response to the show-cause order, the respondent moved to dismiss the federal petition for lack of exhaustion since Petitioner had not completed the process of exhausting his state remedies as to the second petition. The respondent's motion seeking dismissal has been denied. The action is now ripe for review.

## II. Factual Background

The following excerpt contains the facts as found by the Georgia Court of Appeals on direct appeal of the petitioner's criminal case. After review, and for purposes of considering this petition, the facts set forth below are adopted by this court.

> Viewed in a light most favorable to the verdict, the evidence demonstrates that on January 26, 1997, a man wearing a tan, fleece-lined coat and a dark cap entered a BP Station in Warner Robins, approached the cashier, April Kroger, and asked for a pack of cigarettes. As Kroger reached for the cigarettes, the man came toward her with an "unfolded" knife and told her "not to try anything." He took money from the cash register and left the store. As the man fled, Kroger noticed that he ran with a limp. The in-store security camera captured the crime on film, and a composite of still photographs from the tape was introduced into evidence.
>
> Rutledge's sister, Celestine Brown, testified that the day before the crime was committed, she had given Rutledge "a brown jacket with some white in the collar" and a black hood. Although the quality of the videotape from the in-store camera was poor, Brown was able to identify the man in the pictures as her brother, based upon his clothing and a partial view of his face. Brown further acknowledged that on the night of January 26, her brother showed up at her house with approximately $500 in cash and told her he had taken something that did not belong to him.
>
> Rutledge's cousin, Dolly Turner, testified that a nervous Rutledge came to her house the evening of January 26 wearing a brown jacket and a black hood. Rutledge gave Turner the coat and hood and a knife and asked her to throw them in the trash. Turner threw away the knife, but she kept the coat and the hood until she handed them over to the police. Kroger testified that the coat Turner gave to the police was the same coat worn by the person who had robbed her at knife point.

> After meeting with Rutledge, Officer McSwain, who investigated the crime, confirmed that Rutledge, like the perpetrator, walked with a limp. Despite ample evidence linking him to the crime, Rutledge argues that this is a case of mistaken identification. To support his position, he points to conflicts in the evidence, including (1) Kroger's equivocation in identifying him from the "mug books"; (2) a dispute regarding the amount of money taken from the gas station; and (3) the type of knife used in the robbery. However, it is the function of the jury to resolve conflicts in the evidence. [Cit. omitted.] Since there was ample evidence from which the jury could have concluded that it was Rutledge who committed the robbery through use of a knife, "[w]e . . . conclude that the evidence, construed in a light most favorable to support the verdict, was sufficient to authorize a rational trier of fact to find [Rutledge] guilty beyond a reasonable doubt of both offenses.

*Rutledge*, 237 Ga. App. at 390-91.

### III. Need for an Evidentiary Hearing

Under the AEDPA, if an applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that: (A) the claim relies on: (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2).

After a review of the file, and in light of the fact statement cited above, the undersigned finds that an evidentiary hearing is not warranted in this case.

## IV. Legal Standards

Pursuant to the provisions of 28 U.S.C. § 2254(d), this court will not grant relief with respect to any claim adjudicated on the merits in state court proceedings unless that adjudication either: (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *Williams v. Taylor*, 529 U.S. 362, 402-13 (2000).

<u>Factual Presumption of Correctness</u>

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## V. Discussion

In this action, the petitioner raises twenty-three grounds for relief. The first four grounds were contained in his pleading filed at Tab #4. The next nineteen grounds were raised by the petitioner in an amendment filed at Tab #10. From an organizational standpoint, the undersigned will address the four grounds originally raised by the petitioner and then those contained in the amendment. In so doing, the undersigned will utilize the same numbering system utilized in the respective documents.

GROUNDS IN ORIGINAL PETITION

The four grounds initially raised by the petitioner are as follows:

1. "Defective Indictment; Nullity"
2. "Illegal Arrest without Warrant"
3. "Ineffective Assistance of [trial] Counsel"
4. "Improperly Sentencing Appellant to Life Without Parole on Appellant Prior 22 yr. old case."

With regard to ground 1, petitioner Rutledge somewhat ambiguously argues that he was never legally indicted by the grand jury, that no hearing was ever held on his demurrer, and that his appellate counsel would not raise the issue on appeal. In response to this ground, the respondent contends that the portion of this ground alleging that the indictment was defective is procedurally defaulted. The undersigned agrees.

The United States Supreme Court has held that when a defendant is barred from raising a federal constitutional claim in the state courts because of his failure to follow the state's procedural rules, he is also barred from raising the claim in his federal habeas petition absent a showing of cause for, and actual prejudice from, the procedural default. *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). As this claim was first raised and dismissed as successive pursuant to O.C.G.A. § 9-14-51 in the petitioner's second **state** habeas corpus action, and absent any sufficient showing of cause for or actual prejudice from this apparent default, the claim fails. In like manner, and in view of the state court's implicitly adverse treatment of the petitioner's concomitant assertion of ineffective assistance of appellate counsel, that claim also fails.

In ground 2, petitioner Rutledge argues that he was illegally arrested without a warrant. Here again the respondent contends that this claim is procedurally defaulted. The undersigned agrees. In support of his argument, the respondent avers that the this ground was originally raised by the petitioner in his first **state** habeas corpus action. In light of the petitioner's failure to raise this claim at trial or in his direct appeal, the **state** habeas corpus court found the claim to be procedurally defaulted. After careful consideration, and absent any sufficient showing of cause for or actual prejudice by the petitioner, the undersigned concludes that this claim must fail.

In ground 3, the petitioner alleges ineffective assistance of trial counsel insofar as his trial counsel allegedly failed to (1) question officers about other crimes and suspects, and (2) to object to the admission of similar transaction or "other acts" evidence. In response, respondent Smith avers that the petitioner's first assertion is essentially the same as one enumerated on direct appeal and that the second assertion is new but procedurally defaulted. The undersigned agrees with the respondent's positions.

The petitioner's allegation that trial counsel was ineffective for failing to question officers about other crimes and suspects is essentially a restatement of the petitioner's second enumerated error on direct appeal. Because the issue was considered on the merits by the state court, the undersigned must defer to that judgment unless one of two conditions is satisfied: the state-court adjudication resulted in a decision that (1) "was contrary to clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding". 28 U.S.C.A. § 2254(d)(1).

In adjudicating this claim, the state appellate court determined that the assertion was "grounded in a matter of trial tactics and strategy and [therefore] does not provide a basis for finding counsel lacking." In light of this conclusion, and after careful review, the undersigned cannot find that this decision was contrary to clearly established Federal law or was based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, this claim must fail.

With respect to the petitioner's argument that trial counsel was ineffective by failing to object to the admission of similar transaction or "other acts" evidence, a review of the record reveals that this claim was not raised in the state courts and would clearly be found to be successive under O.C.G.A. § 9-14-51 raised in a third state habeas petition. Accordingly, and because the petitioner has failed to showing of cause or actual prejudice, the claim fails.

In ground 4, the petitioner argues that he was improperly sentenced as a recidivist to life without parole. The stated basis for this assertion involves the trial court's improperly considering facts in mitigation and aggravation where the defense was not provided with all prior records, the court would only grant a thirty (30) minute continuance, and the jury was dismissed before the hearing. In response, the respondent asserts that, as pled, this ground is procedurally defaulted under the provisions of O.C.G.A. § 9-14-51. The undersigned agrees.

A review of the record indicates that, with regard to this issue, the petitioner has previously claimed that his plea to the 1975 felony was not voluntary and that the state improperly failed to provide him with a transcript of the 1975 plea hearing. Here, and in contrast to his earlier claims, the petitioner essentially argues that the trial court erred in its consideration of evidence in mitigation and aggravation of sentence. This claim is clearly procedurally defaulted and, as such, must fail.

GROUNDS IN AMENDED PETITION

The first eleven (11) grounds raised in the petitioner's amendment are the same as those raised in his direct appeal. A listing of these grounds appears in the procedural history section above. In response, and with regard to amended grounds 3, 4, and 9, the respondent contends that these grounds are procedurally defaulted and that petitioner Rutledge has not shown cause and actual prejudice sufficient to excuse the default. The undersigned agrees. In amended grounds 3, 4, and 9, the Georgia Court of Appeals concluded that the claims asserted therein were not preserved for appellate review. For this reason, the appellate court declined to review the claims on the merits. Accordingly, and absent any sufficient showing of cause for or actual prejudice from this procedural default, these grounds must fail.

With respect to amended grounds 6, 7, 10, and 11, the respondent argues that these grounds fail to state a claims for relief because they raise no federal question. The undersigned agrees. As the claims alleged in amended grounds 6, 7, 10, and 11 each concern questions of state law, and because this federal court does not sit to reexamine state courts' determinations of state law, amended grounds 6, 7, 10, and 11 fail. See *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

As for amended grounds 1, 2, 5, and 8, the respondent argues that the state court's adjudication of these grounds should be given deference pursuant to § 2254(d) and *Williams v. Taylor*, 529 U.S. 362, 403-132 (2000). The undersigned agrees. As was noted above, the power of a federal habeas corpus court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court is limited to circumstances in which one of two conditions is satisfied: the state-court adjudication resulted in a decision that (1) "was contrary to clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding". 28 U.S.C.A. § 2254(d)(1).

After carefully reviewing the claims set forth in amended grounds 1, 2, 5, and 8 of the instant petition, together with the relevant portions of the record and the parties' arguments thereabout, the undersigned is not convinced that the state court adjudication resulted in a decision that was contrary to clearly established Federal law or was based upon an unreasonable determination of the facts in light of the evidence presented. Accordingly, grounds 1, 2, 5, and 8 of the instant petition fail.

In amended grounds 12-18, the petitioner alleges that his appellate counsel:

12. raised weaker issues on appeal and overlooked unspecified stronger issues;

13. refused to raise a claim alleging the trial court's charge on considering evidence for which Petitioner was not on trial "and to impress upon not to believe any witness made a statement on state illegal tactics";

14. refused to raise a claim challenging the sufficiency of the indictment "which appellant was never by the record properly tried on a no-bill demur";

15. failed to allege a "prosecutorial vindictiveness" claim asserting the state withheld unspecified discovery materials, allowed unspecified "false testimony on falsified [sic] certificate of writing and submitting false statements of facts";

16. refused to raise a claim alleging "illegal arrest regarding the arrest warrant and disposition after the in custody";

17. refused to raise a claim regarding the court's "improper colloquy with jurors and to change notes where voir dire and records fail to show appellant knew of notes, which influenced jury's verdict";

18. failed to raise a claim alleging an abuse of discretion by the trial court's refusal to let pretrial counsel continue to represent Petitioner in order to avoid a conflict of interest.

As noted in the procedural history, petitioner Rutledge raised a number of allegations involving his appellate counsel's ineffective assistance in his first **state** habeas corpus action. These claims included allegations that his appellate counsel ineffectively:

1. failed to raise a claim about the state's alleged failure to disclose the preliminary hearing transcript;

2. failed to allege the state introduced an altered copy of the photo spread was altered;

3. failed to allege the prosecutor failed to disclose items;

4. failed to allege trial counsel should have objected to the victim's testimony about the effect of the robbery on her;

5. failed to challenge the admissibility of the hat and coat obtained from the cousin;

6. failed to allege the state used perjured testimony;

7. failed to effectively present the in-court identification issue;

8. failed to allege a fatal variance between the indictment and evidence at trial;

9. failed to challenge the alleged closure of portions of the trial;

10. failed to allege misconduct by the state, the trial judge and trial counsel;

11. failed to allege the armed robbery charge was improper;

12. failed to raise the issues to which trial counsel objected;

13. failed to allege trial counsel ineffectively had Petitioner testify at sentencing about his 1975 convictions; and

14. failed to allege the evidence was insufficient.

On remand from the state supreme court, the **state** habeas corpus court considered the petitioner 's ineffective assistance of counsel claims using a standard of review consistent with that set forth by the United States Supreme Court in the case of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Having completed their review **state** habeas corpus court found each of the claims to be without merit.

In view of the above, and after a careful review of the record in this case, it appears to the undersigned that the that the petitioner's claims contained in amended grounds 12-18 were either properly considered and rejected by the **state** courts or are procedurally defaulted. Accordingly, and absent any showing by the petitioner that the state court adjudication resulted in a decision that was contrary to clearly established Federal law or was based upon an unreasonable determination of the facts in light of the evidence presented, or cause for or actual prejudice from those claims that are procedurally defaulted, these grounds fail.

In ground 19, the petitioner alleges that "the habeas court erred by failing to grant appellant actual innocence by weighing the facts appellant was charged on against the evidence manipulated by state to convict, along with sentencing appellant on brother-in-law's 1975 armed robbery." In response to this ground, the respondent contends that, as pled, the ground fails to state a claim for **federal** habeas corpus relief. The undersigned agrees. Because alleged errors in **state** habeas corpus proceedings do not state grounds for relief in **federal** habeas corpus, amended ground 19 is without merit. See *Quince v. Crosby*, 360 F.3d 1259, 1261-62 (11th Cir. 2004).

Accordingly, and for the reasons stated above, IT IS THE RECOMMENDATION of the undersigned that the petition of Bobby Rutledge seeking relief under the provisions of 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 23rd day of FEBRUARY, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE