**THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **BOBBY RUTLEDGE,** | : | |
| | : | |
| **Petitioner,** | : | **Civil Action** |
| | : | **No. 5:07-cv-86 (CAR)** |
| **v.** | : | |
| | : | **Petition for Writ of Habeas Corpus** |
| **HUGH SMITH, Warden,** | : | **28 U.S.C. § 2254** |
| | : | |
| **Respondent.** | : | |
| _____ | : | |

*ORDER ON THE ORDER AND RECOMMENDATION OF*
*THE UNITED STATES MAGISTRATE JUDGE*

Before the Court is the Order and Recommendation of the United States Magistrate Judge [Doc. 66], recommending that Petitioner's petition for writ of habeas corpus be dismissed. Petitioner has objected [Docs. 70 and 71] to the Recommendation, and pursuant to 28 U.S.C. § 636(b)(1), the Court has made a *de novo* determination of the portions of the Recommendation to which Plaintiff objects.   After careful consideration, however, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.   Thus, the Order and Recommendation is **HEREBY ADOPTED AND MADE THE ORDER OF THE COURT**, and accordingly Petitioner's petition for writ of habeas corpus is DISMISSED.

The record in this case indicates that Petitioner is seeking habeas corpus relief from his 1997 armed robbery and possession of a firearm or knife during commission of a crime convictions in Houston County, Georgia in which he was sentenced as a recidivist to life without parole for armed robbery and five years consecutive for possession of a firearm or knife during commission of a crime.   Petitioner filed the instant petition raising 23 grounds for relief.   As shown in his 15 page Recommendation, the Magistrate Judge has addressed each of Petitioner's grounds and found them

1

due to be dismissed.  The Court agrees with the findings and conclusions of the Magistrate Judge on each claim.

In his objections, Petitioner essentially reiterates several of the arguments contained in his previous pleadings which have been satisfactorily addressed in the Recommendation.  The bulk of Petitioner's objections address his claim involving his recidivist life sentence.  His claim is without merit.  Despite the fact that the claim is successive, further examination indicates that, in arriving at a life sentence, the trial court relied upon evidence of a previous felony conviction.  In view of the fact that a prior conviction (as opposed to some other aggravating factor) served as the basis for the life sentence, jury participation at the sentencing stage was neither necessary or legally mandated.  See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).


**SO ORDERED**, this 25th day of March, 2010.



S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE


SSH